## 28439.  SWEARINGEN *v.* THE STATE.

Decided November 4, 1940.  Rehearing denied November 16, 1940.

*Jule Felton,* for plaintiff in error.

*E. L. Forrester, solicitor-general,* contra.

GARDNER, J. 1. With reference to the assignment of error on the general grounds, we think that the jury was authorized to find that the defendant, acting on her own volition and in concert with others, assaulted the deceased by inflicting several blows upon his body, within the estimate of twenty-five or thirty as given by the witnesses; and that these blows, according to the doctor, were sufficient to cause the death of the deceased, who was a paralytic; that they were disproportionate to the necessity of defense as claimed by the defendant; and that under all the circumstances the blows were inflicted without any intention to kill.

2. We come next to consider the contentions of the plaintiff in error as set out in her motion for new trial. It is contended that the court committed error in failing to charge to the jury the law of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. In connection therewith error is assigned on the ground that (since the court did not so charge) in charging on the law of involuntary manslaughter in the commission of an unlawful act the court intimated and expressed an opinion that the defendant was guilty of an unlawful homicide in the commission of the unlawful act without intent to kill. We think that this position is untenable. The court charged that it was a question of fact to be determined by the jury, as to whether or not the plaintiff in error, by herself or acting with others with a common intention and purpose, inflicted the wounds with no intention to kill, and whether or not such wounds, if any were inflicted, caused the death of the deceased. The charge fully instructed the jury as to their province with reference to the determination as to what were the facts, and left this to the jury. The court in its charge said only that if the jury found that the wounds, if inflicted by the plaintiff in error, did produce the death without any intention to do so, such state of facts would be sufficient, under the law, to convict the defendant of involuntary manslaughter in the commission of an unlawful act. This charge was not confusing. The court left to the jury the establishment of the facts of the killing, and gave the law which the jury should apply in the event they found the contentions of the State to be true, with reference to the charge of involuntary manslaughter in the commis-

sion of an unlawful act. We think the court was correct, under the evidence as produced in this case, in holding as a matter of law that the evidence did not warrant the submission to the jury of involuntary manslaughter in the commission of a lawful act without due caution and circumspection.

The attorney for the plaintiff in error earnestly insists that this is always a jury question. We presume he means where assault and battery is inflicted and where the facts involve the question as to whether or not the assault and battery was justified to repel an assault and battery, or was inflicted as a result of being provoked by opprobrious words. To this position we must disagree with learned counsel. Not only in such cases as are now under review, but in numerous other instances, the trial courts are called upon to determine whether or not a certain state of proved facts applies to a principle of law, such as, for instance, whether or not as a matter of law a prima facie case of a confession has been made, and whether or not under a certain state of proved facts the question of voluntary manslaughter is made out under the law, in a trial progressing, in which murder is charged. And again the trial court is called upon to determine both in civil and criminal cases, as a matter of law, whether or not a civil case, under all the evidence submitted, would sustain a verdict, or whether or not in a criminal case the evidence taken as a whole would warrant a verdict. These are not jury questions. They are questions of law. We can not say, as counsel contends, that these questions should be left to a jury to determine. They only find what the facts are, and the judge takes those facts and applies the law to see whether or not the civil case is made out, or the criminal case is proved, under the principles of law. Able counsel for the plaintiff in error, with his long experience in both the criminal and civil branches of our law, evidently realized this as sound and elementary. He says in his brief that it appeared, both by her statement and by her evidence, "that her deceased husband cursed and abused her as prohibited by the law, and painfully pinched her leg at the very time she struck him one inconsiderable lick on the body." We confess that this battery to this extent on the part of the plaintiff in error was fully justified under the facts of the case, and therefore that the defendant was not guilty of assault and battery, and that neither does the evidence show that in doing this only she

did it without due caution and circumspection. Therefore involuntary manslaughter in the commission of a lawful act without due caution and circumspection would be, in this case, a matter of law, and not a jury question, and the judge properly eliminated it as a jury question.

But when the defendant, as the evidence shows, went beyond this line of lawful conduct, she stepped into the unlawful sphere, as counsel intimates. The evidence shows that over and beyond this inconsiderable lick on the body, she herself, or acting in concert with others, inflicted twenty-four or twenty-nine other blows which the doctor testified caused the death. So the evidence resolves itself for the jury to say whether or not the twenty-four or twenty-nine other blows were inflicted by the defendant, and whether they caused death, and whether or not they were intended to cause death. It was the duty of the judge to charge the jury, if they found that such other wounds were inflicted, and if they caused death without any intention to cause it, the defendant would be guilty of homicide in the commission of an unlawful act, and be subject to the penalty of not less than one or more than three years in the penitentiary. We have read the charge carefully, and we fail to see where the judge invaded the province of the jury or left his own. Neither the charge nor the failure to charge is subject to the vices as contended by the plaintiff in error. We find nothing in any decision of this court or of the Supreme Court contrary to the principle herein announced.

Counsel contends that the judge, by having charged the higher grade of involuntary manslaughter and not the lower, intimated and expressed an opinion that the defendant was guilty of the higher grade. It might with equal force be argued that when the judge charged the law of murder and involuntary manslaughter (and he did so in this case) he thereby intimated and expressed an opinion that the defendant was guilty of these offenses.

On the question of involuntary manslaughter the court charged: "If you do not believe beyond a reasonable doubt that she is guilty of the offense of voluntary manslaughter, you would next inquire into a lower grade of offense, that is, involuntary manslaughter, which our law defines to be, to consist of the killing of a human being without any intention to do so but in the commission of an

unlawful act. If you should determine that the defendant is guilty of that offense and desire to write a verdict expressing that finding, your verdict would be, 'We, the jury, find the defendant, Ruth Swearingen, guilty of involuntary manslaughter in the commission of an unlawful act,' and it would be your duty to fix the punishment in your verdict for that offense. The law prescribes that when it is done in the commission of an unlawful act, it is not less than one year nor longer than three years. So, after expressing your verdict of involuntary manslaughter, you would say, we fix her punishment at not less than so many years, of course not less than one nor more than three, and not more than so many years; of course, it could not be more than three. After you determine the facts in the case and apply those facts to the rules of law the court has given you in charge, you will, of course, let you verdict speak whatever might be warranted." The court charged the law of justifiable homicide also. There was no request to charge more fully.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*